851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
MICHIGAN CONSOLIDATED GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 No. 87-1006.
 United States Court of Appeals, District of Columbia Circuit.
 April 19, 1988.
 
 Before D.H. GINSBURG and SENTELLE, Circuit Judges, FRANK A. KAUFMAN,* Senior District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on petition for review from the Federal Energy Regulatory Commission and was briefed and argued by counsel for petitioner and respondent. For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review is hereby denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner Michigan Consolidated Gas Co., ("MichCon"), a public utility organized under the laws of the state of Michigan, challenges an order of the Federal Energy Regulatory Commission ("the Commission") issuing to Panhandle Eastern Pipe Line Co., ("Panhandle") certificates to transport gas on behalf of 39 end users pursuant to Sec. 7(c) of the Natural Gas Act, 15 U.S.C. Sec. 717f(c). MichCon contends that the certificates constitute a "transportation program" that is unduly discriminatory against certain local distribution companies, including MichCon. The Commission rejected MichCon's claim in an order dated May 1, 1986, J.A. at 125, and denied rehearing in an order dated November 10, 1986, J.A. at 250. For the reasons stated below, MichCon's petition for review is denied.
 
 I.
 
 5
 During November and December of 1985, Panhandle filed seven individual applications for authorization to transport gas under Sec. 7(c). Each application indicated the names of the customers requesting transportation services, the volume of gas to be transported, and the date on which the transportation would cease (June 30, 1986). MichCon moved to intervene in the proceedings in order to protest Panhandle's applications. In its pleadings before the Commission, MichCon noted that Panhandle's applications did not request authorization to serve its local distribution company customers ("LDCs") and suggested that the proposed services were therefore "unduly discriminatory." J.A. at 46. MichCon opposed the issuance of any certificates to Panhandle unless they were subject to the non-discrimination conditions required for "blanket" certificates under the Commission's Order No. 436, 50 Fed.Reg. 42,408. See J.A. at 78.
 
 
 6
 In its May 1, 1986 Order, the Commission granted MichCon's motion to intervene,[1] but declined to impose any non-discrimination conditions on Panhandle's certificates. The Order stated that "[w]hile the Commission will reject undue discrimination in individual section 7(c) arrangements as well as transactions under self-implementing authority, it has not applied the non-discriminatory access conditions to individual section 7(c) arrangements." J.A. at 128-29. In this case, the Commission noted that
 
 
 7
 Mich Con's and Hadson's allegations that the proposed transportation service is unduly discriminatory are not supported by specific facts. We find significant ... that neither party has argued that they or any other customer or customer class have been denied transportation service under a section 7(c) certificate. In fact, Panhandle has stated that it will seek authority pursuant to section 7(c) of the NGA to transport gas for any shipper requesting transportation service. (See Panhandle's March 13, 1986 letter to the Secretary of the Commission.)
 
 
 8
 J.A. at 129 (footnote omitted).[2] In the absence of "any allegation of specific discrimination," the Commission issued Panhandle a limited-term certificate of public convenience and necessity to transport gas pursuant to Sec. 7(c) of the Natural Gas Act.
 
 
 9
 MichCon filed a request for rehearing on May 30, 1986. In this pleading, it argued (1) that the Commission had erred by failing to hold a hearing to determine whether the terms and conditions under which Panhandle offers transportation are unduly discriminatory, and (2) that the Commission erred as a matter of law in failing to find that Panhandle's proposed transportation services were unduly discriminatory and in failing to attach nondiscriminatory access conditions to Panhandle's certificates. With respect to the second argument, MichCon asserted that the Commission's reliance on the fact that no carrier had been denied transportation by Panhandle "misses the point." J.A. at 147. MichCon argued that "[m]eaningful access to transportation" for LDCs "must include the option of reducing or converting their contract entitlement, or at the very least minimum bill crediting." J.A. at 147. Without these options, according to MichCon, "such LDC's [sic] cannot obtain transportation from Panhandle on terms that are the same as those offered other shippers, including the 39 shippers involved in these proceedings." J.A. at 147. MichCon therefore renewed its claim that Panhandle's Sec. 7(c) certificates should be subject to the regulations applicable to blanket certificates under Order No. 436, including the provisions requiring contract demand reduction and conversion.
 
 
 10
 Although the Commission rejected this petition for rehearing, it stated that if "MichCon, or any other shipper requests transportation service and Panhandle insists upon terms and conditions that are inconsistent with its [tariff], or if a shipper believes that Panhandle's tariff is unduly discriminatory, the shipper may file a complaint against Panhandle." J.A. at 255. In this regard, the Commission noted that, in connection with related proceedings concerning Panhandle's pending application to extend the certificates, MichCon had alleged that Panhandle had refused to reduce its contract demand or to credit its minimum bill. The Commission reported that this specific allegation of discrimination had been set for an evidentiary hearing before an Administrative Law Judge in connection with consolidated proceedings on Panhandle's Sec. 7(c) applications. See J.A. at 255.
 
 II.
 
 11
 On appeal, MichCon urges this court to decide whether, in light of Maryland People's Counsel v. FERC, 761 F.2d 780 (D.C.Cir.1985), and the Commission's Order No. 436, 50 Fed.Reg. 42,408 (1985), a pipeline that is not currently abiding by the non-discrimination conditions of blanket transportation programs may nonetheless transport gas under individual Sec. 7(c) certificates.[3] We find that this important question is not properly before us at this time. In previous proceedings, the Commission has determined that while the conditions specified in Order No. 436 will not automatically be applied to Sec. 7(c) arrangements, such transactions will be scrutinized on an individual basis for undue discrimination. See Texas Gas Transmission Corp., 34 FERC 61,203, 61341 (1986). Such scrutiny will often require an evidentiary hearing to determine the terms and conditions on which a carrier is offering transportation to its various customers. In this case, however, the Commission determined that no hearing was necessary since MichCon failed to make any "allegation of specific discrimination." J.A. at 129. While this determination was challenged in MichCon's request for rehearing, see J.A. at 142-46, that challenge has not been renewed on appeal. See Reply Brief of Petitioner Michigan Consolidated Gas Co. ("MichCon Reply") at 3 n. 5.
 
 
 12
 The only question presented to the court, therefore, is whether the existing record supports MichCon's claim that the Commission abused its discretion by failing to find that Panhandle's applications were unduly discriminatory. We find that it does not. The record contains virtually no evidence regarding the terms and conditions under which Panhandle was providing transportation to its various customers, including MichCon. Indeed, the only evidence on the question of discrimination that was before the Commission when it granted the certificates was a March 13, 1986 letter from Panhandle notifying the Commission that "[u]pon execution of appropriate contractual agreements, Panhandle will seek authority pursuant to Section 7(c) of the Natural Gas Act to transport gas for any shipper requesting transportation service." See J.A. at 121. While this letter might be read, as MichCon suggests, to reserve to Panhandle the right to contract with certain shippers only on a discriminatory basis, nothing in the record suggests that any such discrimination had actually occurred.
 
 
 13
 Faced with no evidence, and indeed no concrete allegation, of discrimination, the Commission did not abuse its discretion in granting Panhandle's applications. In so concluding, we note, as did the Commission, that MichCon was afforded a full evidentiary hearing in connection with related proceedings once it raised specific allegations of discrimination against Panhandle. See J.A. at 255. See Panhandle Eastern Pipe Line Co., 38 FERC 63,009 (1987), aff'd in part, 39 FERC 61,274 (1987) and 40 FERC 61,220 (1987), reh'g denied, 42 FERC 61,076 (1988), pet. for review filed sub nom, Michigan Consolidated Gas Co. v. FERC, No. 88-1062 (D.C.Cir. January 28, 1988), and currently pending in this court.
 
 Accordingly, the petition for review is
 
 14
 DENIED.
 
 
 
 *
 Of the United States District Court for the District of Maryland, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)
 
 
 [1]
 The Commission found that MichCon had demonstrated an interest that was directly affected by the outcome of the proceeding and that was not represented by any other party. See J.A. at 128
 
 
 [2]
 The Commission also noted that "the proposed transactions will end on June 30, 1986 (approximately two months from the date of the issuance of this order)," that "no participating local distribution company objects to the proposed transactions," and that MichCon was currently receiving transportation from Panhandle pursuant to a pre-existing agreement. J.A. at 129 & n. 7
 
 
 [3]
 MichCon's own position on this question is not entirely clear. At one point in its briefs, it declares that "no certificate of public convenience and necessity authorizing transportation services can lawfully be issued pursuant to Section 7 of the Natural Gas Act absent the application of such measures as are applicable to comparable, generic authorization." Brief of Petitioner, Michigan Consolidated Gas Co., at 38. Elsewhere, MichCon advances the narrower claim that non-discrimination conditions must be imposed only "when a pipeline proposes to implement what is indisputably a transportation program, and that program is facially discriminatory." MichCon Reply at 14 (footnote omitted)